UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
TRUSTEES OF THE NEW YORK CITY DISTRICT           :
COUNCIL OF CARPENTERS PENSION FUND,              :
WELFARE FUND, ANNUITY FUND, AND                  :
APPRENTICESHIP, JOURNEYMAN RETRAINING,           :
EDUCATIONAL AND INDUSTRY FUND, TRUSTEES          :
OF THE NEW YORK CITY CARPENTERS RELIEF           :
AND CHARITY FUND, and THE CARPENTER              :
CONTRACTOR ALLIANCE OF METROPOLITAN              :
NEW YORK,                                        :
                                                 :
                        Petitioners,             :
                                                 :
        -v-                                      :       24 Civ. 37 (JPC)
                                                 :
ROBO DOORS & HARDWARE CORP., n/k/a ROBO          :       OPINION AND ORDER
HARDWARE CORP.,                                  :
                                                 :
                        Respondent.              :
                                                 :
-------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      A collective bargaining agreement between a carpenters' union and a trade association required covered employers to contribute to a number of funds.  But after an audit revealed that one of those employers had fallen behind on its contributions, the funds brought an arbitration action to recover the unpaid balance and were ultimately awarded a sum of $112,970.47 plus interest.  Through an unanswered petition, which the Court treats as an unopposed motion for summary judgment, the funds now seek to have that award confirmed and to recover their costs and attorneys' fees.  For the reasons explained below, the Court grants the petition to confirm and awards most of the requested costs and fees.

I. Background

The New York City District Council of Carpenters (the "Union") and the Association of Wall-Ceiling & Carpentry Industries of New York, Inc. (the "Association") entered into a collective bargaining agreement that governed their relationship between July 1, 2017, and June 30, 2024. Dkt. 1-2 ("CBA"). Among other things, the CBA required covered employers to make contributions to a number of entities—including to the Petitioners[1] in this case—based on work performed within the Union's jurisdiction. *Id.* art. XVII, § 1. One of the employers that belongs to the Association, and is therefore covered by the CBA's contribution requirement, is Robo Doors & Hardware Corp., n/k/a Robo Hardware Corp., the Respondent in this matter. Dkt. 1 ("Pet.") ¶¶ 8-10; Dkt. 1-1 at 5 (listing Robo Hardware Corp. as a member of the Association). The CBA also incorporates by reference Petitioners' Revised Statement of Policy for Collection of Employer Contributions, Dkt. 1-7 ("Collection Policy"), which creates procedures for collecting contributions from delinquent employers. CBA art. XVII, § 5 ("Each Employer shall be bound by all of the terms and conditions of the Agreements and Declarations of Trust governing each of the Funds for which contributions are required under this Agreement and by all By-Laws, rules, procedures and policies adopted to regulate each of said Funds, including, but not limited to, the [Collection Policy].").

On June 14, 2023, an audit of Respondent's contribution history indicated that it had failed to make the full amount of contributions required pursuant to the CBA during the period of March 29, 2020, to December 24, 2022. Dkt. 1-8 at 1 ("Audit Report"). Despite the findings of that

---

[1] This Opinion and Order uses the term "Petitioners" to refer to: (1) the Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund; (2) the Trustees of the New York City District Council of Carpenters Relief and Charity Fund, and (3) the Carpenter Contractor Alliance of Metropolitan New York.

audit, Respondent continued to refuse to pay. Dkt. 1-10 ("Award") at 4. So on September 6, 2023, Petitioners commenced an arbitration pursuant to the terms of the CBA and the Collection Policy, seeking to hold Respondent liable for $112,970.47, which represented the amount of the unpaid contributions plus liquidated damages, interest, fees, and costs. *Id.* at 2, 6. After Respondent failed to appear at the arbitration hearing held on October 25, 2023, Arbitrator Jeffrey G. Stein found Respondent in default and awarded Petitioners the requested sum of $112,970.47 under the CBA through a written order dated October 25, 2023. *Id.* at 6. Arbitrator Stein also ordered interest to accrue at the annual rate of 10.25% from the date of the award. *Id.* at 8.

On January 3, 2024, Petitioners filed the instant Petition to confirm the arbitration award pursuant to Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185. Dkt. 1; Dkt. 5 ("Motion"). Respondent has not opposed the Petition or otherwise appeared in this case.

## II. Legal Standard

An unanswered petition to confirm an arbitration award is generally treated as an unopposed motion for summary judgment. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006). Under that approach, "'the petition and the accompanying record' become 'a motion for summary judgment'" evaluated under the usual Rule 56 standard. *Trs. of the UNITE HERE Nat'l Health Fund v. JY Apparels, Inc.*, 535 F. Supp. 2d 426, 428 (S.D.N.Y. 2008) (quoting *D.H. Blair & Co*, 462 F.3d at 110); *see* Fed. R. Civ. P. 56.

To survive summary judgment under Rule 56, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if it "might affect the

outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must "resolve all ambiguities and draw all justifiable factual inferences in favor of the party against whom summary judgment is sought." *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 309 (2d Cir. 2008). The movant bears the initial burden of demonstrating "the absence of a genuine issue of material fact," and, if satisfied, the burden then shifts to the non-movant "to present evidence sufficient to satisfy every element of the claim." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008). The non-movant "may not rely on conclusory allegations or unsubstantiated speculation," and "must offer some hard evidence showing that its version of the events is not wholly fanciful." *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (internal quotation marks omitted). The non-movant must present more than a mere "scintilla of evidence." *Anderson*, 477 U.S. at 252.

This standard applies even to unopposed motions for summary judgment. *CareandWear II, Inc. v. Nexcha L.L.C.*, 581 F. Supp. 3d 553, 556 (S.D.N.Y. 2022) ("Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004))); *Vt. Teddy Bear Co.*, 373 F.3d at 244 ("[W]here the non-moving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." (internal quotation marks omitted)).

### III.  Discussion

A.   **The Court Confirms the Arbitration Award.**

Petitioners principally seek confirmation of the $112,970.47 award they secured through arbitration plus interest at an annual rate of 10.25% from October 25, 2023, the date of the award. Motion at 4.

Confirming an arbitration award in the LMRA context, like under the Federal Arbitration Act ("FAA") in general, entails only "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair & Co.*, 462 F.3d at 110; *see 1199/SEIU United Healthcare Workers E. v. S. Bronx Mental Health Council Inc.*, No. 13 Civ. 2608 (JGK), 2014 WL 840965, at *6 (S.D.N.Y. Mar. 4, 2014) (explaining that "courts have often looked to the [FAA] for guidance in labor arbitration cases").[2]  Judicial review of the merits of an arbitration award is therefore "severely limited so as not unduly to frustrate the goals of arbitration, namely, to settle disputes efficiently and avoid long and expensive litigation." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Metro. Fine Mill Work Corp.* ("*Trustees I*"), No. 14 Civ. 2509 (PAE), 2015 WL 2234466, at *3 (S.D.N.Y. May 12, 2015) (internal quotation marks omitted). And in the LMRA context in particular, "an arbitration award should be upheld as long as it draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12 Civ. 5 (JMF), 2012 WL 3744802, at *2 (S.D.N.Y. Aug. 29, 2012)

---

[2] Although "[t]he LMRA, not the [FAA], governs this Court's review of Petitioners' motion to confirm," the FAA remains "useful as a source of principles . . . in the context of a petition to confirm or vacate an arbitration award" subject to the LMRA. *Trs. for Mason Tenders Dist. Council Welfare Fund v. PM Contracting Co.*, No. 18 Civ. 6563 (KPF), 2019 WL 1557114, at *2 n.3 (S.D.N.Y. Apr. 10, 2019) (internal quotation marks omitted).

(internal quotation marks omitted). Under the "extremely deferential standard of review" that courts must apply, "only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award," which may be inferred from the record. *Smarter Tools Inc. v. Chongqing SENCI Imp. & Exp. Trade Co.*, 57 F.4th 372, 378-79 (2d Cir. 2023) (internal quotation marks omitted) (alterations adopted); *see also Landy Michaels Realty Corp. v. Loc. 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) ("[A]n arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached.") (internal quotation marks omitted). An arbitration award cannot stand, however, "[i]f it is clear that an arbitrator has exceeded his authority." *Abram Landau Real Est. v. Bevona*, 123 F.3d 69, 74 (2d Cir. 1997) (internal quotation marks omitted).

Arbitrator Stein's decision to award Petitioners a sum of $112,970.47 under the CBA because of Respondent's failure to make the required contributions easily passes muster under these principles. First, Arbitrator Stein "acted within the scope of the authority granted him by the parties" under the CBA and the Collection Policy. *Trustees I*, 2015 WL 2234466, at *4; *see* Collection Policy § VI(1) ("[L]egal action to collect delinquencies shall generally be in the form of arbitration."); *id.* § VI(2) (designating Arbitrator Stein as an arbitrator to "serve in collection matters"); CBA art. XVII, § 5 (incorporating the Collection Policy). Arbitrator Stein's decision also relied on ample support for the award, namely the report issued following Petitioners' audit of Respondent's contribution history that demonstrates the amount of the unpaid balance and "uncontroverted testimony that the [Respondent] did not make payment or offer a settlement" following the audit. Award at 4; *see Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. PMM Cranes LLC* ("*Trustees II*"), No. 24 Civ. 3187 (JGK), 2024 WL 4388276, at *3 (S.D.N.Y. Oct. 3, 2024) (granting a petition to confirm an arbitration award where "the arbitrator found that

substantial and credible evidence supported the determination that the respondent owed the petitioners delinquent contributions under the CBA and Collection Policy" (internal quotation marks omitted)); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Baroco Contracting Corp.* ("*Trustees III*"), No. 24 Civ. 1898 (DEH), 2024 WL 4519836, at *2 (S.D.N.Y. Oct. 17, 2024) (granting a petition to confirm an arbitration award where "Respondent did not appear at arbitration to contest its failure to comply with these provisions of the CBA, or to contest Petitioners' independent estimated audit—which determined that Respondent failed to make required remittances"). And the CBA and/or the Collection Policy authorize each of the categories of relief awarded by Arbitrator Stein. *See* CBA art. XVII, § 10 (authorizing a court or an arbitrator to order payment of unpaid contributions, interest, liquidated damages, attorneys' fees and costs, and other legal or equitable relief); *id.* art. XVII, § 11(a) (providing that "[t]he cost of arbitration, including the fees to be paid to the arbitrator shall be included in the award and shall be borne by the losing party"); Collection Policy § IV(8) (requiring the employer to cover the cost of an audit that reveals underpayment of contributions of $50,000 or more).

Thus, "[b]ased on the limited review that is appropriate of an unopposed petition to confirm an arbitration award," *Trustees II*, 2024 WL 4388276, at *3, the Court concludes that there is no genuine dispute of material fact and that Petitioners are entitled to judgment as a matter of law confirming Arbitrator Stein's award.

**B.     The Court Approves Most of Petitioners' Requested Attorneys' Fees and Costs.**

Petitioners also request $3,813 in attorneys' fees and $83 in costs arising out of this proceeding, plus post-judgment interest at the usual statutory rate. Motion at 6-8.

It is well-settled that courts may award reasonable attorneys' fees and costs in connection with a petition to confirm an arbitration award when, as here, the opposing party has neither abided

7

by the arbitrator's decision nor responded to the petition for confirmation. *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. All. Workroom Corp.*, No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) ("[C]ourts have routinely awarded attorneys fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court."); *see also Drywall Tapers & Pointers of Greater New York Loc. Union 1974 v. Nat'l Drywall Inc.* ("*Drywall Tapers*"), No. 24 Civ. 3690 (RA), 2024 WL 4666181, at *2 (S.D.N.Y. Nov. 4, 2024) (collecting cases). And in this case, Petitioners' request for attorneys' fees and costs is also supported by the terms of the CBA and the Collection Policy. *See* CBA art. XIII, § 3(e); *id.* art. XVII, § 11(a); Collection Policy § V(5)-(7). "Under these circumstances, an award of fees has historically been appropriate." *Trustees III*, 2024 WL 4519836, at *3 (awarding attorneys' fees and costs under similar circumstances). So the Court will consider the reasonableness of Petitioners' requested amounts.

As noted, Petitioners seek $3,813 in attorneys' fees and $83 in costs arising out of this confirmation proceeding. Motion at 6-8. The requested attorneys' fees represent 12.3 hours of work on this matter by two associates from the law firm of Virginia & Ambinder, LLP, who billed their services at a rate of $310 per hour. Dkt. 1-12; Pet. ¶¶ 32-33, 36. In line with the most recent approach of courts in this District in addressing similar confirmation petitions worked on by the two associates who billed time in this matter, the Court concludes that a slightly lower rate of $300 per hour is reasonable. *Drywall Tapers*, 2024 WL 4666181, at *3 ("Courts in this district have found that fees at a rate of $300 per hour are appropriate for petitions to confirm arbitration awards."); *see, e.g.*, *Trustees III*, 2024 WL 4519836, at *3 (reducing the requested hourly rate from $310 to $300 for the same associates who billed time in this matter); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman*

8

*Retraining, Educ. & Indus. Fund v. Vision Constr. & Installation, Inc.*, No. 24 Civ. 2503 (PAE), 2024 WL 2963729, at *4 (S.D.N.Y. June 12, 2024) (reducing the requested hourly rate from $310 to $290 for the same associates who billed time in this matter). *But see Trustees II*, 2024 WL 4388276, at *4 (finding that the requested fees of $310 per hour were "thoroughly reasonable" for the same associates). The Court also finds that the 12.3 hours of time spent on this matter, while arguably on the high end of the spectrum for straightforward confirmation petitions like this one, is reasonable based on the provided description of the attorneys' tasks. *See, e.g.*, *Trustees III*, 2024 WL 4519836, at *3 (5.4 hours); *Trustees II*, 2024 WL 4388276, at *4 (10.8 hours); *Trs. of N. Atl. States Carpenters Health, Pension, Annuity, Apprenticeship, & Lab. Mgmt. Coop. Funds v. Dame Contracting, Inc.*, No. 23 Civ. 5254 (NJC) (JMW), 2024 WL 2293831, at *7 (E.D.N.Y. May 21, 2024) (12.7 hours); *Finkel v. J&H Elec. Contracting, Inc.*, No. 22 Civ. 6298 (HG), 2023 WL 4763366, at *3 (E.D.N.Y. July 26, 2023) (11.3 hours). The Court further agrees that the requested $83 in costs, which represents "service fees and other costs in connection with this matter" that Petitioners' counsel advanced, Pet. ¶ 37, is reasonable. *See Trustees III*, 2024 WL 4519836, at *3 (awarding $81 in costs); *Trustees II*, 2024 WL 4388276, at *4 (awarding $115 in costs).

Accordingly, the Court awards Petitioners $3,690 in attorneys' fees and $83 in costs.

### IV. Conclusion

For these reasons, the Court grants Petitioners' petition to confirm the arbitration award. The Clerk of Court is respectfully directed to enter judgment in favor of Petitioners and against Respondent in the amount of $112,970.47, plus interest from October 25, 2023, accrued at an annual rate of 10.25% until the date of judgment. The Clerk of Court is also directed to enter judgment in the amount of $3,690 in attorneys' fees and $83 in costs. Post-judgment interest shall

9

accrue at the statutory rate pursuant to 28 U.S.C. § 1961 from the date judgment is entered until payment is made in full.  The Clerk of Court is further respectfully directed to close this case.

    SO ORDERED.

Dated: February 21, 2025
       New York, New York

                                              JOHN P. CRONAN
                                         United States District Judge